FILED
IN OPEN COURT
JUL - 7 2026
CLERK, U.S. DISTRICT COURT
NEWPORT NEWS, VA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 4:26-cr-50 |
| | ) | |
| v. | ) | 18 U.S.C. §§ 1343 and 2<br>Wire Fraud |
| QUINTON DESHAUN JONES | ) | (Counts 1–4) |
| | ) | |
| Defendant. | ) | 18 U.S.C. § 981(a)(1)(C)<br>Criminal Forfeiture |

## INDICTMENT

July 2026 Term – at Newport News, Virginia

### GENERAL ALLEGATIONS

At all times relevant:

1. In or around November 2021, victims C.P. and K.P. were in the process of buying a house in the Tidewater area of Virginia. When communicating over email, C.P. and K.P. used the email address *bc***@gmail.com.

2. On or about November 30, 2021, the email address *bcc***@gmail.com was created, which contained one additional letter from C.P.'s true email address. The account created used C.P.'s name.

3. On or about November 30, 2021, a representative, G.T., for the title company used by C.P. and K.P., Jamestown Title, received an email from *bcc***@gmail.com. The email requested a closing statement for review and purported to be from C.P. and K.P.

4. That same day, G.T. forwarded the email to C.P. and K.P.'s escrow agent, Hudson Law, PLC, at the address ***ate@hudsonlawplc.com. Hudson Law, PLC responded and told G.T.

they would email C.P and K.P. when G.T. approved. G.T. said "Yes look[s] good to me! Seller approved as well."

5. On or about November 30, 2021, Hudson Law, PLC sent wiring instructions to *bcc***@gmail.com. The instructions stated that wires should be sent to a Citizens and Farmers Bank account number ending in -1416.

6. *bcc***@gmail.com responded "Thank you."

7. On or about November 30, 2021, the email address ***atehudsonlawplc@usa.com sent wiring instructions to C.P. and K.P. at *bc***@gmail.com. The wiring instructions looked similar to the legitimate instructions sent by Hudson Law, PLC, but it instructed C.P. and K.P. to wire the money to a Wells Fargo account ending in -3078.

8. The Wells Fargo account ending in -3078 was owned by QUINTON DESHAUN JONES.

9. On or about December 1, 2021, C.P. and K.P. wired $351,473.02 from a Chesapeake Bank account ending in -7826 to the Wells Fargo account ending in -3078.

10. On or about December 2, 2021, JONES wrote a check for $89,500 to "Fabrice Global LLC" from the Wells Fargo account ending in -3078. This check was deposited into a Bank of America account ending in -5932, owned by another individual.

11. On or about December 3, 2021, JONES wrote a $50,500 check to "Quinton Jones" from the Wells Fargo account ending in -3078. That check was deposited into a JP Morgan Chase account ending in -9861 and owned by JONES.

12. On or about December 3, 2021, the daughter of C.P. and K.P. reported wire fraud to law enforcement authorities after Hudson Law, PLC told her that Hudson Law, PLC does not bank with Wells Fargo.

13. On or about December 3, 2021, Chesapeake Bank notified Wells Fargo of fraud on the $351,473.02 wire transfer from the Chesapeake Bank account ending in -7826. Chesapeake Bank succeeded in recalling $207,012.00.

SCHEME AND ARTIFICE

14. Beginning on a date unknown, but believed to be in or about 2021, in the Eastern District of Virginia and elsewhere, QUINTON DESHAUN JONES, the defendant herein, along with and aided and abetted by others known and unknown to the Grand Jury, did devise and carry out a scheme and artifice to defraud and for obtaining money and property by means of materially false or fraudulent pretenses, representations, and promises in order to obtain moneys and funds owned by C.P. and K.P.

15. The purpose and object of this scheme and artifice were for the defendant and others to steal and misappropriate and otherwise divert moneys and funds owned by C.P. and K.P.

16. It was a part of the scheme and artifice that the defendant and others defrauded C.P. and K.P. through efforts to obtain moneys and funds and through control and diversion of those moneys and funds.

17. It was further a part of the scheme and artifice that the defendant and others used or purported to use actual, perceived or fabricated business email addresses in order to entice C.P. and K.P. to provide the defendant with moneys and funds.

18. It was further a part of the scheme and artifice that the defendant and others used or purported to use unauthorized use of the identifying information of C.P., including name.

19. It was further a part of the scheme and artifice that the defendant and others used or purported to use actual, perceived or fabricated wire transfer instructions in order to entice C.P. and K.P. to provide the defendant with moneys and funds.

20. It was further a part of the scheme and artifice that the defendant and others used or purported to use actual, perceived or fabricated business letterhead in order to entice C.P. and K.P. to provide the defendant with moneys and funds.

21. It was further a part of the scheme and artifice that the defendant and others caused the transmission of funds and information electronically in interstate commerce between the Eastern District of Virginia and locations outside of the Commonwealth of Virginia.

COUNTS ONE THROUGH FOUR
(Wire Fraud)

THE GRAND JURY CHARGES THAT:

1. The factual allegations contained in the General Allegations section, including the Scheme and Artifice section, are incorporated herein by reference as if set out in full.

2. On or about the dates and in connection with the transactions described below, in the Eastern District of Virginia and elsewhere, QUINTON DESHAUN JONES, the defendant herein, along with and aided and abetted by others known and unknown to the Grand Jury, having devised and intended to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false, fraudulent and fictitious pretenses, representations, and promises, as described in the General Allegations section (including the Scheme and Artifice section) and incorporated herein by reference, and, for the purpose of executing the aforesaid scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, in the Eastern District of Virginia and elsewhere, did knowingly and willfully transmit and cause to be transmitted by means of wire communication in interstate commerce, the following certain signs, signals, and sounds: to wit, the following emails and wire transfer of funds to/from/through a location within the Eastern District of Virginia to/from/through a location outside of the Commonwealth of Virginia.

| Count | Date of wire transmission (on or about) | Description of wire transmission |
|---|---|---|
| 1 | November 30, 2021 | Email to Jamestown Title requesting closing statement for review. |
| 2 | November 30, 2021 | Email to Hudson Law, PLC, thanking them for sending wire transfer instructions. |
| 3 | November 30, 2021 | Email to C.P. and K.P. with fraudulent wire transfer instructions. |

| | | |
|---|---|---|
| 4 | December 1, 2021 | Wire transfer of $351,473.02 from Chesapeake Bank account ending in -7826 to Wells Fargo account ending in -3078. |

(In violation of Title 18, United States Code, Sections 1343 and 2.)

## FORFEITURE

THE GRAND JURY FURTHER FINDS PROBABLE CAUSE THAT:

1. The defendant, if convicted of any of the violations alleged in Counts One through Four of this Indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2, any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

2. If any property that is subject to forfeiture above is not available, it is the intention of the United States to seek an order forfeiting substitute assets pursuant to Title 21, United States Code, Section 853(p) and Federal Rule of Criminal Procedure 32.2(e).

3. The property subject to forfeiture includes, but is not limited to, the following:

    a. A monetary judgment an amount representing the proceeds the defendant obtained from the fraud scheme alleged in this indictment, executions of which are charged in Counts One through Four of this indictment.

(In accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).)

Pursuant to the E-Government Act, the original of this page has been filed under seal in the Clerk's Office.

UNITED STATES v. QUINTON DESHAUN JONES
4:26-cr-50

A TRUE BILL:

REDACTED COPY

_______________________________
FOREPERSON

TODD W. BLANCHE
ACTING ATTORNEY GENERAL

By: _______________________________
Natalie K. Trujillo
Brian J. Samuels
Virginia State Bar No. 65898
Assistant United States Attorneys
United States Attorney's Office
11815 Fountain Way, Suite 200
Newport News, Virginia 23606
Phone: (757) 591-4025
Fax: (757) 591-0866
Email: natalie.trujillo@usdoj.gov;
brian.samuels@usdoj.gov